IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KAYAN SYKES and | ) | |
| | ) | |
| K.K.E., a Minor, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PETER LIPAROTO, | ) | |
| | ) | |
| BRETT BOWLING, and | ) | |
| | ) | |
| CITY OF NORMANDY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiffs Kayan Sykes and K.K.E., a minor, and for their cause of action against Defendants Peter Liparoto, Brett Bowling, and the City of Normandy, state:

## INTRODUCTION

1. On June 17, 2013, K.K.E was spending time at the home of his uncle and aunt, Kelvin and Kimberly Sykes, in Normandy, Missouri. He was taking a shortcut with his cousin, K.S., also a minor, when the two children were ordered to stop by three Normandy police officers, including Defendants Liparoto and Bowling. Defendants Liparoto and Bowling were responding to a mid-day report that two children matching K.S. and K.K.E's description were running between some houses. K.K.E. and K.S. stopped. K.S. took off running, followed by Defendant Bowling. K.K.E. however, remained where he was and raised his hands into the air. With K.K.E. standing in a universal symbol of compliance, Defendant Liparoto ran at him, dove, and tackled him with such force that he broke

1

K.K.E.'s arm in two places. Defendant Liparoto's inertia propelled him through the space where K.K.E. had stood, into a nearby wall, causing lacerations to Defendant Liparoto's head. K.K.E was arrested. Although the only two witnesses that had seen the events leading up to Officer Liparoto's injury insisted that K.K.E. did not resist arrest and was not responsible for the injuries that Officer Liparoto caused himself, Defendant Bowling charged K.K.E. with Attempted Burglary in the First Degree, Resisting Arrest, and Assault Second Degree on a Law Enforcement Officer, alleging that K.K.E caused Defendant Liparoto's injuries. Defendant Liparoto produced no report and failed to disclose the true cause of his injuries. As a result, K.K.E. spent forty-five days in custody, before the juvenile case against K.K.E. was dismissed.

2. This is a civil action for violation of K.K.E.'s civil rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983.

## PARTIES

3. Kayan Sykes is, and at all times hereto has been, a resident of the City of Valley Park, State of Missouri.

4. K.K.E. is, and at all times hereto has been, a resident of the City of Valley Park, State of Missouri.

5. Defendant City of Normandy, Missouri, is a body politic and corporation organized and existing pursuant to Missouri law.

6. At all times relevant herein, Defendant Peter Liparoto was a sworn peace officer employed by Defendant City. All of Defendant Liparoto's actions set forth in this

Complaint were done under color of law. Defendant Liparoto is sued in his individual capacity.

7. At all times relevant herein, Defendant Brett Bowling was a sworn peace officer employed by Defendant City. All of Defendant Bowling's actions set forth in this Complaint were done under color of law. Defendant Bowling is sued in his individual capacity.

## JURISDICTION AND VENUE

8. This cause is brought pursuant to 42 U.S.C. §1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendant is located and all of the incidents giving rise to this suit occurred in this judicial district.

## FACTS

9. On June 17, 2013, Plaintiff K.K.E, age 14, was visiting his aunt, Kimberly Sykes, his uncle, Kelvin Sykes, and his cousin, K.S., age 16, at their home at 7727 Lacorn Road, Normandy, Missouri.

10. That morning, the cousins, Plaintiff K.K.E. and K.S., were enjoying their summer break from school when they received a call from K.S.'s brother, K.S. Jr., who had forgotten his backpack. K.S. Jr. was calling from a bus stop at the corner of Contour Drive and Bermuda Road and asked K.S. to immediately bring the backpack to him.

11. K.S. and K.K.E. quickly left the Sykes' home, neatly dressed in clean jeans, short sleeve shirts, and carrying backpacks.

3

12. Upon leaving the house, K.K.E. followed K.S. down a well-travelled shortcut through the Sykes' backyard, through the contiguous backyard of neighbor, Reginald Williams, whose house is at 7728 Contour Drive.

13. As K.K.E. and K.S. reached the front yard of Reginald Williams, K.S. announced that he had forgotten his cellphone and some clothes at home. He turned back toward the Sykes' home and K.K.E. followed.

14. After locating and retrieving K.S.'s phone, K.S. and K.K.E. again headed down the well-worn path through the Sykes yard, towards Contour Drive through the Williams' yard.

15. As K.S. and K.K.E were walking up the steep slope towards the Williams' yard, the teenagers were startled by three police officers of the City of Normandy, Sgt. Smith, Defendant Bowling, and Defendant Liparoto, when Defendant Liparoto yelled to them, "Come here you little bastards."

16. Frightened, K.S. turned and ran. Sgt. Smith and Defendant Bowling pursued him on foot.

17. K.K.E., however, immediately stopped and raised his hands into the air.

18. As K.K.E. stood still, with his arms raised in total compliance, Defendant Liparoto ran and dove at K.K.E, tackling him and breaking K.K.E.'s arm. Defendant Liparoto's badge entered K.K.E's mouth, damaging his gums and tearing his labial frenum.

19. Defendant Liparoto's inertia from diving at the 5-foot 3-inch, 97 pound child propelled Defendant Liparoto through the space where K.K.E. had stood and into a nearby wall, causing lacerations to Defendant Liparato's scalp. Notwithstanding either parties' injuries, Defendant Liparoto grabbed K.K.E.'s broken wrist, forced it behind K.K.E's back in contact with his other arm, and placed K.K.E. in handcuffs.

20. Of the various witness statements taken by the law enforcement officers on the date of the incident, only two statements allege that the witness saw the events leading up to Defendant Liparoto's contact with K.K.E and subsequent injury. Both of these statements clearly state that K.K.E. complied with Officer Liparoto's order, held his arms up in compliance, and did not resist arrest.

21. After some time and ambulance arrived and took K.K.E. to the hospital where he was treated for multiple fractures to his arm and wrist.

22. After treatment, K.K.E was transported to the Normandy Police Department where he was booked. Defendant Bowling charged K.K.E. with Attempted Burglary First Degree, Resisting Arrest, and Assault on a Law Enforcement Officer, alleging that K.K.E. "caused officer [Liparoto] to hit [his] head on [a] concrete wall."

23. Pursuant to his arrest and the charges and allegations against him, K.K.E. was held in custody for 45 consecutive days.

24. Defendant Liparoto received a Normandy Purple Heart for his actions on June 17, 2013.

25. All charges against K.K.E. were dismissed.

26. The attack K.K.E. suffered haunts him still and he has limitations in his daily activities. For example, K.K.E. was a talented musician who played in his school band and played the piano during Sunday services at his church. The injury to his wrist now prevents him from participating in either activity, as well as from participating in sports, a prerequisite for social success and positive self-image for young men his age.

27. In addition to the injury to his arm, the incident caused significant damage to K.K.E.'s upper lip and gums, causing him continued tenderness in his gums and effecting what he can eat.

28. K.K.E. continues to suffer from depression, nightmares, sleeplessness, and fear of leaving the house. He has trouble relating to his peers and feels underdeveloped, both intellectually and socially. These symptoms of the trauma K.K.E experienced have been accompanied by significant changes in K.K.E.'s attitude. Once driven and hopeful, K.K.E is now withdrawn, fearful, and unmotivated. K.K.E.'s grades have suffered significantly as a result, and continue to suffer today.

29. This attack occurred immediately preceding K.K.E.'s freshman year of high school, a time of substantial adjustment and significance. By depriving K.K.E. of his ability to participate in positive activities like music and sports, and by traumatizing K.K.E. beyond his ability to cope in school, with his family, and in society, Defendant Liparoto, Defendant Bowling, and the City of Normandy set K.K.E. on a course which will likely have dire consequences for his future.

## CAUSES OF ACTION

## COUNT I

## UNLAWFUL SEIZURE OF K.K.E. BY DEFENDANT LIPAROTO COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant Liparoto in Count I, Plaintiff K.K.E. states the following:

30. By this reference, Plaintiff K.K.E. incorporates each and every allegation and averment set forth in paragraphs 1 – 29 as though fully set forth herein.

31. Defendant Liparoto did not have probable cause to arrest K.K.E..

32. Defendant Liparoto seized K.K.E., the seizure was unreasonable, and Defendant Liparoto thereby deprived K.K.E. of his right to be free from unreasonable and unlawful seizure of

his person in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

33. The acts of Defendant Liparoto described herein were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of K.K.E., thus entitling him to an award of punitive damages against Defendant Liparoto.

34. If K.K.E. prevails he is entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff K.K.E. respectfully prays that this Court enter judgment in his favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Liparoto in his individual capacity and award him any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which he is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

**COUNT II**

**USE OF EXCESSIVE FORCE BY DEFENDANT LIPAROTO
AGAINST PLAINTIFF K.K.E.
COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant Liparoto in County II, Plaintiff K.K.E. states the following:

35. By this reference, Plaintiff K.K.E. incorporates each and every allegation and averment contained in paragraphs 1 – 34 of this Complaint as though fully set forth herein.

36. At no time did K.K.E. attempt to resist arrest by Defendant Liparoto or any other sworn member of the City of Normandy police department, or any other police department, or assault, offer violence to, or threaten Defendant Liparoto. Defendant Liparoto had no

7

reason to believe that K.K.E. was armed with any weapon, or that he was any threat to himself, Defendant Liparoto, or any other person. K.K.E. committed no felony, nor any other offense, and all of the charges against him were dismissed.

37. By any reasonable interpretation of K.K.E.'s body language, and not contradicted by any facts known to Defendant Liparoto or any member of any police department, K.K.E. was submitting and/or had already submitted himself to the authority of the Normandy police department, without incident, at the time Defendant Liparoto tackled him.

38. Defendant Liparoto's conduct in tackling K.K.E., a minor child, could not have reasonably have been intended to serve any legitimate or lawful law enforcement purpose, or to promote the safety of Defendant Liparoto, K.K.E., or any other person.

39. As a direct and proximate result of the aforementioned unlawful and malicious physical abuse of K.K.E. by Defendant Liparoto, committed under color of law and under Defendant Liparoto's authority as a City of Normandy police officer, K.K.E. suffered grievous bodily harm and K.K.E. was deprived his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

40. As a direct and proximate result of the malicious and outrageous conduct of Defendant Liparoto as aforedescribed, K.K.E. suffered severe and permanent injuries and damages, including but not limited to radius and ulna fractures in K.K.E's right wrist and arm, damage to his lip and gums, blunt trauma and blunt trauma injuries including bruises, contusions, and abrasions; and K.K.E.'s body was rendered weak, stiff, and sore, causing

8

him great pain, anguish, fear, and medical expenses, and K.K.E. will suffer additional damages in the future in amounts which have not yet been determined.

41. The acts of Defendant Liparoto described herein were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of K.K.E., thus entitling him to an award of punitive damages against Defendant Liparoto.

42. If Plaintiff K.K.E. prevails he is entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff K.K.E. respectfully prays that this Court enter judgment in his favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Liparoto in his individual capacity and award him any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which she is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

## COUNT III

## INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE BY DEFENDANT LIPAROTO AND DEFENDANT BOWLING COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant Liparoto and Defendant Bowling in Count III, Plaintiff K.K.E. states the following:

43. By this reference, K.K.E. incorporates each and every allegation and averment contained in paragraphs 1 – 42 of this Complaint as though fully set forth herein.

44. Defendants Liparoto and Bowling, acting individually or together and in concert, caused the criminal charges of Assault on a Law Enforcement Officer, Attempted Burglary in the

First Degree, and Resisting Arrest to issue against K.K.E. and assisted in the detention of K.K.E. on the basis of these charges and the prosecution of such charges.

45. Defendants Liparoto and Bowling and each of them were motivated in the pursuit of criminal charges against K.K.E. not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, illegal, and unconstitutional purposes, to-wit:

    a. Defendants sought to protect themselves from civil and/or criminal liability for the unlawful treatment of K.K.E. and their use of excessive force against K.K.E. as aforedescribed, by charging K.K.E. with crimes which, if proven would arguably have demonstrated the justification for the force used against and treatment of K.K.E;

    b. Defendants sought to punish K.K.E. for exercising legally and constitutionally protected rights;

    c. Defendants sought to punish K.K.E. for the self-inflicted injuries suffered by Defendant Liparoto, for which Defendants baselessly, unreasonably, and/or irrationally blamed K.K.E.;

    d. Defendants sought to avoid embarrassment in connection with the self-inflicted injuries suffered by Defendant Liparoto, for which Defendant Liparoto received a Normandy Purple Heart.

46. Defendant Liparoto gave a false account of his interactions with K.K.E. and/or failed to accurately state and/or correct the official account of the incident, in an attempt to secure a conviction against K.K.E..

47. Defendant Bowling falsified his report and charging documents initiating prosecution of K.K.E. and/or willfully ignored the only witness accounts of the incident serving as the basis of the charges, which exculpated K.K.E, in an attempt to secure a conviction against K.K.E..

48. The conduct of Defendants Liparoto and Bowling as aforedescribed violated K.K.E's right to be free from unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

49. The acts of Defendant Liparoto and Defendant Bowling described herein were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of K.K.E., thus entitling him to an award of punitive damages against Defendants Liparoto and Defendant Bowling.

50. If K.K.E prevails he is entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff K.K.E. respectfully prays that this Court enter judgment in his favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Liparoto and Defendant Bowling in their individual capacities and award him any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which he is entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

<u>**COUNT IV**</u>

<u>**INTERFERENCE WITH FAMILY RELATIONSHIP**</u>
<u>**BY DEFENDANT LIPAROTO AND DEFENDANT BOWLING**</u>
<u>**COGNIZABLE UNDER 42 U.S.C. § 1983**</u>

11

For their cause of action against Defendant Liparoto and Defendant Bowling in Count IV, Plaintiffs K.K.E. and Kayan Sykes state the following:

51. By this reference, K.K.E. and Kayan Sykes incorporate each and every allegation and averment contained in paragraphs 1 – 50 of this Complaint.

52. As a direct and proximate result of the above described unlawful and malicious acts of Defendants Liparoto and Bowling, all committed under color of law and their authority as City of Normandy police officers, K.K.E. suffered grievous bodily harm and deprivation of his liberty, all in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereto and 42 U.S.C. §§ 1983 and 1988.

53. As a direct and proximate result of the Defendants' unlawful, deliberately indifferent, and malicious acts aforedescribed, Plaintiff Kayan Sykes was deprived of her right to the services, companionship, comfort, affection, and support of her son, K.K.E., deprived of her ability and right to provide comfort, companionship, instruction, guidance, counsel, training, shelter, sustenance, and support to her son, and otherwise deprived of her right to familial association, and to her paternal rights, without due process of law, in violation of her rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

54. As a direct and proximate result of the Defendants' unlawful, deliberately indifferent, and malicious acts aforedescribed, Plaintiff K.K.E. was deprived of his right to the services, companionship, comfort, instruction, guidance, counsel, training, and support of his mother, Kayan Sykes, without due process of law, in violation of his rights under the

12

First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

55. The acts of Defendant Liparoto and Defendant Bowling described herein were undertaken intentionally, wantonly, maliciously, recklessly, outrageously and/or for purposes of the oppression of and/or callously indifferent to the rights of K.K.E. and Kayan Sykes, thus entitling them to an award of punitive damages against Defendant Liparoto and Defendant Bowling.

56. If K.K.E. and/or Kayan Sykes prevail they are entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs K.K.E. and Kayan Sykes respectfully pray that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendant Liparoto and Defendant Bowling in their individual capacities and award them any and all compensatory damages, punitive damages, attorneys' fees, expenses, costs, and any other such relief to which they are entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

## COUNT V

### FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE DIRECTED AGAINST THE CITY OF NORMANDY COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendant City of Normandy in Count V, K.K.E. and Kayan Sykes state:

57. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 – 56 as though fully set forth herein.

13

58. At all times relevant to this Complaint, Defendant Liparoto and Defendant Bowling, as police officers of the City of Normandy Police Department, were acting under the direction and control of the City of Normandy, which acted through its agents and employees who were responsible for making policy of the Police Department, its officers and operations, and Defendants Liparoto and Bowling were acting pursuant to either official policy or the practice, custom, and usage of the City of Normandy and its Police Department.

59. Acting under color of law, by and through the policy-makers of the City of Normandy and pursuant to official policy or custom and practice, the City of Normandy intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the City of Normandy failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendant Liparoto and/or Defendant Bowling in the performance of their duties to refrain from:

   a. unlawfully and maliciously assaulting and beating a citizen and otherwise using unreasonable and excessive force before, during, and after making an arrest, whether the arrest was lawful or unlawful;

   b. unreasonably flaunting power and authority as a sworn officer, and arresting citizens for retaliatory purposes;

   c. harassing, threatening, intimidating, and assaulting minor children;

   d. fabricating charges and ordinance violations against a citizen for the purpose of shielding themselves from criminal or civil liability for violating that citizen's rights;

   e. falsifying police reports and other statements, including court testimony;

14

f. conspiring to violate the rights, privileges, and immunities guaranteed to K.K.E. and/or Kayan Sykes by the Constitution and laws of the United States, and the laws of the State of Missouri; and

g. otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

60. The City of Normandy had knowledge of or, had it diligently exercised its duties to hire, instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendant City of Normandy had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of the City of Normandy failed or refused to do so.

61. Defendant City of Normandy, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Liparoto and Defendant Bowling, heretofore described, to-wit: Defendant City of Normandy awarded Defendant Liparoto a Normandy Purple Heart in recognition for his actions perpetrated against K.K.E. on June 17, 2013.

62. As a direct and proximate result of Defendant City Normandy's illegal and unjustified conduct as referred to herein, Plaintiffs are believed to have suffered in the past and will in the future suffer and incur the following damages:

a. actual, compensatory, and consequential damages including, but not limited to, violation of constitutional rights, past, present and future distress, pain and

15

suffering, serious physical injury, interference with family relationships, loss of time, loss of hope in society; and

    b.  other damages as allowed by law.

63. If K.K.E. and/or Kayan Sykes prevail they are entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiffs K.K.E. and Kayan Sykes respectfully pray that this Court enter judgment in their favor under 42 U.S.C. §§ 1983 and 1988 against Defendant City of Normandy, Missouri, jointly and severally and award them any and all actual damages, attorneys' fees, expenses, costs, and any other such relief to which they are entitled and that this Court deems just, appropriate, and consistent with the important purposes of 42 U.S.C. § 1983.

## JURY DEMAND

The above-named Defendants, and each of them, are hereby notified that Plaintiffs herein do hereby demand trial by jury on all issues presented in this Complaint triable to a jury.

Respectfully Submitted,

**E.J. HALL LAW FIRM**

Edward J. Hall, AT0012692
42 Beacon Ave.
Ferguson, MO 63135
(319) 530 – 6796, *phone*
e.j.hall89@gmail.com *email*

**LAW OFFICE OF TOMMIE A. HARSLEY III**

*/s/ Tommie A. Harsley, III*
Tommie A. Harsley, III, MO37092
8200 Olive Blvd.
St. Louis, MO 63132
(314) 872 – 3900, *phone*
(314) 872 – 3943, *fax*
attyharsley@att.net, *email*

17