UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KAYAN SYKES and K.K.E., a minor, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-578 CAS |
| | ) | |
| PETER LIPAROTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Kayan Sykes's Motion to Substitute. The motion does not indicate the Federal Rule of Civil Procedure under which it is filed. The motion states that Ms. Sykes was appointed as Next Friend of plaintiff K.K.E., who was a minor at the time suit was filed but turned eighteen years of age in April 2007, and therefore has reached the age of majority under Missouri law. The motion asks that Kavon Evans (K.K.E.'s name) be substituted as the real party in interest in this suit and that Ms. Sykes be removed as next friend. The motion also asks the Court to vacate its Order of October 3, 2017, requiring the filing of a motion to approve the settlement, because judicial approval is no longer needed pursuant to § 507.184, Mo. Rev. Stat. (2000), as Mr. Evans is an adult. For the following reasons, the motion to substitute will be denied and plaintiffs will be directed to file an amended complaint.

Rule 25 of the Federal Rules of Civil Procedure permits substitution of parties in four situations: death of a party, incompetency of a party, transfer of a party's interest in the suit, or death or separation from office of a public officer who is a party in his or her official capacity. See Rule 25(a)-(d), Fed. R. Civ. P. "Although the term 'substitution' may sometimes be used in other contexts, Rule 25 authorizes substitution only in these four circumstances." 6 James Wm. Moore,

et al., Moore's Federal Practice § 25.02 (3d ed. 2016). As none of the circumstances authorizing substitution of parties under Rule 25 exist here, plaintiffs may not accomplish their desired end by means of a motion for substitution of parties under Rule 25.

Rule 17, Fed. R. Civ. P., provides that "[a]n action must be prosecuted in the name of the real party in interest." Rule 17(c) provides that a representative may sue on behalf of a minor. Whether an individual has the capacity to sue is determined by the law of his or her domicile. Fed. R. Civ. P. 17(b). The age of majority in Missouri is eighteen. Mo. Rev. Stat. § 507.115 (2000). In Missouri, a minor plaintiff must be represented by a guardian or next friend in order to bring suit. Mo. Rev. Stat. § 507.110 (2000); Mo. S. Ct. R. 52.02(a). The authority of the next friend expires, however, when the minor plaintiff reaches the age of majority. State ex rel. Hill v. Davis, 488 S.W.2d 305, 310 (Mo. Ct. App. 1972) (quoting West St. Louis Trust Co. of St. Louis v. Brokaw, 102 S.W.2d 792, 795 (Mo. Ct. App. 1937)). When plaintiff K.K.E. reached the age of eighteen, he became the real party in interest and Ms. Sykes no longer had any authority to prosecute claims on his behalf. However, a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R Civ. P. 17(a)(3).

The appropriate means of substituting Mr. Evans as a plaintiff and removing Ms. Sykes as next friend pursuant to Rule 17(a)(3) is to file an amended complaint. See, e.g., Valadez v. United Indep. Sch. Dist., 2008 WL 4200092, at *1 (S.D. Tex. Sept. 10, 2008) (directing the filing of an amended complaint where the minor plaintiff gained the age of majority after suit was filed); see also In re: Vivendi Univeral, S.A. Sec. Litig., 605 F.Supp.2d 570, 585-86 (S.D.N.Y. 2009) (ordering plaintiffs to seek leave to amend their complaints to allege assignment, ratification, or substitution

2

by entities with standing to bring suit). Plaintiffs' motion to substitute will be denied without prejudice, and they will be ordered to file a motion for leave to amend the complaint and submit a proposed amended complaint. Plaintiffs' motion to vacate the portion of the Court's Order of October 3, 2017, requiring the filing of a motion to approve the settlement, will be held in abeyance pending the filing of an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Substitute is **DENIED** without prejudice. [Doc. 38]

**IT IS FURTHER ORDERED** that plaintiffs shall promptly file a motion for leave to file an amended complaint, with the proposed amended complaint submitted as an attachment thereto. The motion for leave shall state whether it is filed with the defendants' consent.

／s／ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of October, 2017.